UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ERICK ALLEN OSBY,

    Petitioner,

v.                                            CIVIL ACTION NO. 5:23-cv-00100

K. HECKARD, Warden, FCI Beckley,

    Respondent.

## ORDER

Pending are Petitioner Erick Allen Osby's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1], filed February 8, 2023, and Respondent K. Heckard's Motion to Dismiss [Doc. 13], filed May 10, 2024. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on May 14, 2024. Magistrate Judge Tinsley recommended the Court grant Respondent's Motion to Dismiss, deny Petitioner's Petition for Writ of Habeas Corpus, and dismiss this action.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's

findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on May 31, 2024. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 14**], **GRANTS** Respondent's Motion to Dismiss [**Doc. 13**], **DENIES** Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [**Doc. 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: June 7, 2024



Frank W. Volk
United States District Judge

---

[1] The Court notes the PF&R was served on Petitioner by mail and initially returned as undeliverable. Petitioner was released from custody by the Bureau of Prisons on December 1, 2023. The PF&R was not re-mailed to Petitioner inasmuch as no current address was available. "A party who represents himself or herself shall file with the clerk his or her complete name and address where pleadings, notices, orders, and other papers may be served on him or her . . . . A pro se party must advise the clerk promptly of any changes in . . . address . . . ." S.D. W. Va. LR Civ P 83.5.